UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL KUZMA,

        Plaintiff,                        19-CV-597

      v.

U.S DEPARTMENT OF JUSTICE

        Defendant.

## REPLY MEMORANDUM OF LAW

### INTRODUCTION

This Reply Memorandum of Law is submitted on behalf of Defendant United States Department of Justice (the "Government") in further support of its motion for summary judgment, pursuant to Fed. R. Civ. P. 56.

### ARGUMENT

### POINT I

### THE GOVERNMENT'S SEGREGABILITY REVIEW WAS PROPER

In opposition to the Government's summary judgment motion, Plaintiff argues that the Government's segregability review was improper because it withheld in full ninety percent of the 500-page sample that is the subject of this motion. Dkt. # 38, pp. 3-4. Plaintiff fails to point to any specific examples of how or why the segregability review was improper and then requests the Court to conduct an *in camera* review of the 500-page sample. However, "*[i]n camera* review is appropriate" under FOIA only "where the government seeks to exempt entire documents but provides only vague or sweeping claims as to why those documents should be

withheld." Jabar v. United States Dep't of Just., No. 22-226, 2023 WL 2169960, at *6 (2d

Cir. Feb. 23, 2023) (quoting Associated Press v. U.S. Dep't of Just., 549 F.3d 62, 67 (2d Cir.

2008)); Local 3, Int'l Bhd. of Elec. Workers, 845 F.2d 1177, 1180 (2d Cir. 1988) ("In camera

review is considered the exception, not the rule, and the propriety of such review is a matter

entrusted to the district court's discretion."). "When a government agent can attest in a sworn

affidavit that the redactions are necessary, and elaborate on the reasons for the redactions

with sufficient specificity, the district court should be able to rule on the appropriateness of

the redactions without conducting an *in camera* review of the redacted materials." Halpern v.

F.B.I., 181 F.3d 279, 287 (2d Cir. 1999). Because the Government has submitted a detailed,

non-conclusory declaration, and Plaintiff has provided no evidence of agency bad faith, *in*

*camera* review is not warranted in this case. In fact, Plaintiff made a similar conclusory

segregability argument in his previous case seeking records relating to Ray Robinson, Kuzma

v. U.S. Dept. of Justice, 1:13-CV-675, Dkt. # 32-2, p. 3, and this Court rejected it: "Plaintiff

presents no substantive challenge to the FBI's segregability determination. Rather, he requests

in camera review to determine if the FBI met its segregability obligations. But Plaintiff's

simple desire for this Court to review the FBI's determinations, unaccompanied by any

allegation or evidence of error, is not cause for *in camera* review." Kuzma v. U.S. Dep't of

Just., No. 13-CV-675S, 2016 WL 9446868, at *7 (W.D.N.Y. Apr. 18, 2016), aff'd sub nom.

Kuzma v. United States Dep't of Just., 692 F. App'x 30 (2d Cir. 2017).[1] This Court should

likewise reject Plaintiff's similar argument here. See also Kuzma v. U.S. Dep't of Just., No.

---

[1] Plaintiff's aim in bringing this suit may be noble, Dkt. # 38, p. 4, but the purpose of the request does not change FOIA's statutory requirements. See, e.g., U.S. Dep't of Def. v. Fed. Lab. Rels. Auth., 510 U.S. 487, 508 (1994) (Ginsburg, J., concurring) ("[T]the identity and particular purpose of the requester is irrelevant under FOIA.... This main rule serves as a check against selection among requesters, by agencies and reviewing courts, according to idiosyncratic estimations of the request's or requester's worthiness.").

16-CV-347(RJA)(JJM), 2019 WL 13194773, at *4 (W.D.N.Y. Nov. 5, 2019), report and recommendation adopted in part, rejected in part on other grounds, No. 16-CV-347, 2022 WL 4345441 (W.D.N.Y. Sept. 19, 2022) (rejecting the same argument by Kuzma (pertaining to an unrelated FOIA request)); Pickering v. U.S. Dep't of Just., No. 19-CV-417A(F), 2021 WL 9468165, at *9 (W.D.N.Y. Nov. 22, 2021) (rejecting segregability argument asserted by Kuzma as counsel for Plaintiff).

## POINT II

## FOIA EXEMPTION (b)(3) WAS PROPERLY ASSERTED WITH RESPECT TO GRAND JURY MATERIALS

Plaintiff concedes that FOIA Exemption 3 protects grand jury materials from disclosure under FOIA. Dkt. # 38, pp. 4-5. However, Plaintiff contends that eight documents protected, in full or in part, from disclosure on the basis of FOIA Exemption 3 do not fit the category of grand jury materials. Dkt. # 38, p. 5.

As stated in the Reply Declaration of Joseph E. Bender Jr. ("Bender Dec."), the FBI properly withheld, under Exemption 3, information about the recipients of federal grand jury subpoenas, including the identity of witnesses (Bates-numbered pages 749, 2935, 2936, and 5046), the subject matter being investigated by a grand jury (Bates-numbered pages 749, 2935, 2936, and 5045), and the type of questions asked by a grand jury (Bates-numbered pages 749 and 5046). Bender Dec. ¶ 9. Accordingly, the Government's motion should be granted.[2]

---

[2] With regard to Bates-numbered pages 891, 1274, 4984, and 6440, the FBI no longer asserts Exemption 3. However, these four pages remain withheld in full pursuant to other applicable exceptions. Bender Dec. ¶ 9.

3

## POINT III

### PLAINTIFF'S ARGUMENTS WITH RESPECT TO EXEMPTIONS (b)(6) and (b)(7)

Plaintiff objects to the FBI's reliance upon FOIA Exemptions 6 and 7(C) on two grounds (i) the FBI allegedly failed to determine whether individuals whose names were redacted from released records are still living which would then lessen the privacy concerns of such individuals in the public-private balancing test under these exemptions, and (ii) the names of FBI agents and other individuals "do not outweigh the significant public interest" in the Ray Robinson case. Dkt. # 38, pp. 6-7.

Initially, the Government agrees that Leonard Crow Dog and Vernon Bellecourt are deceased, their names should be released on Bates-numbered pages 751, 752, 753, and 925, and the FBI has reprocessed these pages as stated in the Bender Declaration. Bender Dec. ¶ 12; Declaration of Michael G. Seidel ("Seidel Dec."), Dkt. # 37, ¶ 46, n. 21. Additionally, the FBI rereviewed other pages in the 500-page sample to confirm that it did not withhold the names of other deceased individuals pursuant to Exemptions 6 and 7(C), unless the recitation of such a name would disclose information exempt under Exemption 7(D). Bender Dec. ¶ 12.

Plaintiff's remaining argument should be rejected for three reasons. First, there is no evidence of ongoing public or media interest in the Ray Robinson case. The last media article cited by Plaintiff is from 2018 and he also relies on a book from 2006. Second, disclosure of FBI Special Agents' names will do nothing to further public interest in the way in which the FBI handled its investigations of the Ray Robinson case as the progress of that investigation can be determined from the unredacted documents released by the FBI. Seidel Declaration, ¶¶ 45-55. Third, disclosing the names of FBI Special Agents could lead to attempts to inflict

violence or revenge on those involved in performing criminal investigations. Seidel Declaration, ¶¶ 50-55. As the Second Circuit held in the earlier Ray Robinson case in rejecting Plaintiff's similar argument under Exemptions 6 and 7(C): "Kuzma does not explain how knowing the names of the individuals involved in the investigation will further illuminate the FBI's activities. His assertion, without evidence, that this particular information will reveal fault in the government's handling of the Robinson case is not enough." Kuzma v. United States Dep't of Just., 692 F. App'x 30, 35 (2d Cir. 2017). In sum, the Court should find that the FBI's designation of Exemptions 6 and 7(C) was proper.

## POINT IV

### PLAINTIFF'S ARGUMENTS WITH RESPECT TO FOIA EXEMPTION (b)(7)(D)

Plaintiff next argues that Exemption 7(D) would not apply to Kamook Banks, who Plaintiff alleges was publicly identified as a confidential source "via trial testimony and reported court decisions." Dkt.# 38, pp. 7-8.

Plaintiff's argument should be rejected for two reasons. First, there are multiple confidential sources in the records at issue – none of whom have been publicly identified by the Government. Second, trial testimony by a purported Government confidential source does not equate to public identification, which this Court and the Second Circuit have explained to Plaintiff. Kuzma, 692 F. App'x at 36 (2d Cir. 2017); Bender Dec. ¶ 13.

## POINT V

### PLAINTIFF'S ARGUMENTS WITH RESPECT TO FOIA EXEMPTION (b)(7)(E)

Plaintiff argues that the Government's assertion of Exemption 7(E) was improper as to the number of confidential human sources utilized by the Government because this information is not a technique, procedure, or guideline. Dkt. # 38, p. 8. In the FBI's

subsequent review of the records at issue, the FBI determined that the information withheld under Exemption 7(E) on Bates numbered page 4984 is not exempt.  Bender Dec. ¶ 16. However, Bates numbered page 4984 remains withheld in full due to information exempt pursuant to Exemptions 6, 7(C), and 7(D).  Bender Dec. ¶ 16.

## POINT VI

### PLAINTIFF'S REMAINING SUBSTANTIVE ARGUMENTS ARE MERITLESS

Plaintiff argues that the FBI failed to explain whether it had determined that sealed court orders remained sealed.  Dkt. # 38, p. 9.  This argument is irrelevant to this motion because the pages under sealed orders are not part of the 500-page sample that is the subject of this motion.  Seidel Dec. ¶ 33.

Plaintiff also argues that it was improper for the FBI to withhold the name of a referring agency.  Dkt. # 38, p. 10.  However, the referring agency's records are also not part of the 500-page sample that is the subject of this motion and thus this argument should be rejected.  Seidel Dec. ¶ 34.

Plaintiff makes a conclusory argument that the records at issue should be disclosed in light of the FOIA Improvement Act of 2016.  Dkt. # 38, pp. 10-11.  However, the FBI undertook the required foreseeable harm analysis, as mandated by the FOIA Improvement Act,  during the processing of records in this case.  Seidel Dec. ¶ 75.  Accordingly, this argument should be rejected.

## POINT VII

### IT IS PREMATURE TO LITIGATE ATTORNEY'S FEES

Under FOIA, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the

complainant has substantially prevailed." 5 U.S.C.A. § 552(a)(4)(E)(i); <u>Warren v. Colvin</u>, 744 F.3d 841, 844 (2d Cir. 2014). The FOIA statute defines "substantially prevailed" as meaning that the claimant has "obtained relief through either-- (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial. 5 U.S.C.A. § 552(a)(4)(E)(ii).

It is well-settled that a request for attorney's fees made before a judgment on the merits is premature. <u>See, e.g.</u>, <u>Batton v. Evers</u>, 598 F.3d 169, 184 (5th Cir. 2010) (determining that "issue of plaintiff's entitlement to fees and costs is not yet ripe for review"); <u>Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.</u>, 760 F. Supp. 2d 4, 9 n. 5 (D.D.C. 2011) (resolution of entitlement to attorney's fees is "premature" at summary judgment stage); <u>Beltranena v. Clinton</u>, 770 F. Supp. 2d 175, 187 (D.D.C. 2011) (finding request for fees "premature" where plaintiff has "not articulated any need for an interim award of fees"); <u>Coven v. OPM</u>, No. 07-1831, 2009 WL 3174423, at *20 (D. Ariz. Sept. 29, 2009) (deciding that motion for costs premature when final judgment not yet entered); <u>Hussain v. DHS</u>, 674 F. Supp. 2d 260, 272-73 (D.D.C. 2009) (concluding motion for fees premature where final judgment not yet entered and plaintiff gave no reason for need of interim award); <u>Potomac Navigation, Inc. v. U.S. Maritime Administration</u>, No. 09-217, 2009 WL 5030710 (D. Md. Dec. 15, 2009) (determining motion for attorney fees "not ripe").

Accordingly, the Court should deny Plaintiff's motion for fees without prejudice to renew after the motions for summary judgment are decided.[3]

---

[3] Also, the FBI was not the recipient of the FOIA request but was instead a referring agency. Thus, fees cannot be assessed against the FBI.

## CONCLUSION

Defendant's motion for summary judgment should be granted and Plaintiff's complaint should be dismissed in its entirety with prejudice.

DATED:  Buffalo, New York, March 15, 2023

TRINI E. ROSS
United States Attorney


BY:    s/MICHAEL S. CERRONE
       Assistant U.S. Attorney
       U.S. Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       716-843-5851
       michael.cerrone@usdoj.gov